Matter of Bobbi B. (Bobby B.) (2018 NY Slip Op 07243)





Matter of Bobbi B. (Bobby B.)


2018 NY Slip Op 07243


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7510

[*1]In re Bobbi B., A Child Under Eighteen Years of Age, etc.,
and
Bobby B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of fact-finding and disposition and final order of protection in favor of the subject child, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about October 27, 2017, which, inter alia, determined that respondent father neglected the child by committing acts of domestic violence in her presence, and directed the father to comply with the terms of an order of protection, unanimously affirmed, without costs.
The court credited the testimony of a disinterested observer, who worked at the shelter where the mother and the child were residing, that the father placed his hands around the mother's neck during a heated argument, while the mother was holding their one-month old child. The shelter worker also testified that she heard the mother scream that the father bit her finger. There exists no basis for disturbing the court's credibility determinations (see e.g. Matter of Aaron C. [Grace C.], 105 AD3d 548 [1st Dept 2013]).
Exposure to even a single instance of domestic violence may be a proper basis for a finding of neglect (see Matter of Allyerra E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]). Here, the child was in imminent danger of physical impairment due to her proximity to violence directed at the mother (see Matter of Isabella S. [Robert T.], 154 AD3d 606 [1st Dept 2017]). Furthermore, the court properly discredited the father's testimony that he did not have a history of domestic violence against the mother in light of his criminal conviction of third degree assault, upon his guilty plea, and
given that an order of protection in favor of the mother was in effect when this incident occurred (see Matter of Allyerra E., 132 AD3d at 473).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK